DIANE M. GIVENS

VS. NO.: **111720** <sup>cc</sup>

**CV03-2360**  16TH JUDICIAL DISTRICT COURT

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

\* PARISH OF ST. MARY

CINGULAR WIRELESS LLC and
RSKCO SERVICES, INC.

\* STATE OF LOUISIANA

DEC 3 1 2003
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

## PETITION FOR DAMAGE **JUDGE DOHERTY**

The petition of DIANE M. GIVENS, a person of the full age of majority of the  Parish of St. Mary, State of Louisiana, respectfully represents:         **MAGISTRATE JUDGE HILL**

I.

Your defendants herein are:

    A) CINGULAR WIRELESS LLC, a foreign corporation licensed to doing and doing business in the Parish of St. Mary, State of Louisiana.

    B) RSKCO SERVICES, INC., a foreign insurer licensed to do and doing business in the Parish of St. Mary, State of Louisiana.

II.

Plaintiff shows that on or about April 3, 2003, she was an employee of a cleaning company and was cleaning the office of defendant, CINGULAR WIRELESS LLC, located at 1011 Clothilde Street, in Morgan City, St. Mary Parish, Louisiana.

III.

While on the premises of the office of defendant, CINGULAR WIRELESS LLC, plaintiff exited the back of the building, which was very dark, to throw away trash.  While plaintiff was entering back into the building, a man was hiding in the darkness and appeared from behind the door and startled plaintiff.  Plaintiff ran to get back inside of the building and fell injuring herself.

IV.

Prior to April 3, 2003, plaintiff's employer requested that defendant, CINGULAR WIRELESS LLC, install lighting in the back of the building, but no such lighting was installed.

V.

Plaintiff shows that the sole proximate cause of the hereinabove described incident is as a result of the negligence and fault of the defendant, CINGULAR WIRELESS LLC, which consists of, but is not limited to, the following, to-wit:

    a)    Failure to keep the premises safe from unreasonable risks of harm;

    b)    Failure to exercise reasonable care to protect those who enter its premises;

    c)    Failure to warn plaintiff of known dangers;

    d)    Failure to provide proper lighting and/or a flashlight;

    e)    Failure to provide plaintiff with a safe working environment; and

    f)    Such other acts of negligence the form and substance of which will be more fully shown at the trial of this matter.

VI.

The lack of proper lighting in the rear of the CINGULAR WIRELESS LLC store was a cause-in-fact and a proximate cause of the resulting injuries to plaintiff.

VII.

Defendant, CINGULAR WIRELESS LLC, is liable to plaintiff as per LSA-CC Article 2315, as it knew or should have known of the hazardous condition at its 1011 Clothilde Street location.

VIII.

At all times material hereto, the premises involved in the incident herein was under the care, custody and control of defendant, CINGULAR WIRELESS LLC.

IX.

The lack of lighting at the CINGULAR WIRELESS LLC location was a condition that created an unreasonable risk of harm to plaintiff.

X.

Defendant, CINGULAR WIRELESS LLC, is strictly liable to plaintiff as per LSA-C.C. Article 2317, as the store premises involved herein were in its sole custody, care and control.

XI.

As a result of the herein described incident, plaintiff, DIANE M. GIVENS, has been caused to suffer personal injuries as herein set forth in the non-exclusive particulars, to-wit:

a) Medical expenses, past and future;

b) Past and future lost wages;

c) Loss of earning capacity;

d) Permanent damage to her body including, but not limited to, injuries to her head, back, left wrist and left knee;

e) Physical and mental pain and suffering, mental anguish, distress, worry, and emotional upset;

f) Loss of enjoyment of life;

g) Such other elements of damages the form and substance of which will be more fully shown at the trial on the merits of these proceedings and revealed during discovery.

XII.

At all times pertinent hereto, the defendant, RSKCO SERVICES, INC., issued a policy of insurance providing coverage to defendant, CINGULAR WIRELESS LLC, and its employees and for the store and premises owned and operated by defendant, CINGULAR WIRELESS LLC, and plaintiff specifically pleads the applicability of said policy to the facts of this occurrence.

XIII.

The defendants CINGULAR WIRELESS LLC and RSKCO SERVICES, INC., are liable unto your plaintiff, DIANE M. GIVENS, jointly, severally and in solido for any and all full true sums as may fully and justly compensate petitioner for the damages she has sustained herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

WHEREFORE, plaintiff prays that the defendants be served with a copy of this petition and cited to answer same within the legal delays allowed by law; then, after the lapse of all legal delays and due proceedings had that there be judgment herein in favor of petitioner, DIANE M. GIVENS, and against the defendants, CINGULAR WIRELESS LLC and RSKCO SERVICES, INC., together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

Plaintiff further prays for any and all general and equitable relief in the premises.

Respectfully Submitted:

PAUL T. LANDRY, LTD.

Paul T. Landry          (#20,259)
6413 Business Highway 90
Post Office Box 2684
Morgan City, Louisiana 70381-2684
Telephone: 985/384-1366


**PLEASE SERVE DEFENDANTS:**

CINGULAR WIRELESS LLC
through its agent for service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

RSKCO SERVICES, INC.
through its agent for service of process
C. T. CORPORATION SYSTEM
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809


CLERK'S OFFICE, FRANKLIN, LA
DEC 0 5 2003
A true copy of the original
Attest _____
By. Clerk of Court

RECEIVED AND FILED
DEC 0 1 2003
/s/ JENNIFER R. SPLANE
DY. CLERK OF COURT

DIANE M. GIVENS          &#42;   16TH JUDICIAL DISTRICT COURT

VS. NO.: **111720** " F "     &#42;   PARISH OF ST. MARY

CINGULAR WIRELESS LLC and
RSKCO SERVICES, INC.        &#42;   STATE OF LOUISIANA

---

## FIRST SET OF INTERROGATORIES
## PROPOUNDED TO DEFENDANTS

---

**TO:**    CINGULAR WIRELESS LLC
through its agent for service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

RSKCO SERVICES, INC.
through its agent for service of process
C. T. CORPORATION SYSTEM
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809

     **PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately the following Interrogatories, fully, in writing, and under oath, and to serve your answers on plaintiff, through his/her/their attorney, within thirty (30) days from service hereof, in accordance with the provisions of Article 1491, et. seq. of the Louisiana Code of Civil Procedure.

     You are further placed on notice that these Interrogatories shall be deemed continuing Interrogatories, requiring supplemental answers thereto in the event relevant information which would require amendment or supplementation of the answers of these Interrogatories in order that they would be properly and truthfully answered, if discovered, acquired, or becomes known to you.

     In answering the following Interrogatories, please furnish such information as is available to you, not merely information you now have of your own personal knowledge. This means you are to furnish information which is in the possession of any of your employees, agents, servants, attorneys, insurers, investigators or anyone acting for or in your behalf or otherwise subject to your custody or control. Knowledge of any of your agents, or attorneys or others acting on your behalf shall be considered and deemed to be knowledge of the defendant.

     In connection with these Interrogatories, wherever the word "defendant" or "defendants" is used, it shall mean the named defendant(s), their agents, servants, employees, supervisors, insurers, claims investigators, attorneys and/or anyone acting for or in behalf of the defendant(s) or otherwise subject to the control of defendant(s).

     If you cannot answer any of these Interrogatories in full, please answer to the extent possible, specifying the reason for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

## INTERROGATORY NO. 1:

Please state the name, title, and mailing address of the individual answering these interrogatories and the proper corporate name of the entity made defendant herein, now and on the date of the accident.

## INTERROGATORY NO. 2:

Please state the names, last known addresses, telephone numbers, Social Security numbers and job titles of all persons on the premises on the date the accident occurred, including but not limited to each employee, supervisor, and/or anyone working for you or on your behalf and identify those persons known or reasonably believed by you to be a witness to the accident.

## INTERROGATORY NO. 3:

Please identify all written reports, accident reports, litigation reports, logs, daily reports, reports of personal injuries, hospital records, medical slips or authorizations and/or all similar records or documents relevant to or concerning the accident herein and all accidents on the premises during the three years prior to and every incident since the incident giving rise to this claim and, and identify the custodian of each such document and the title, date and name of the person making each document.

## INTERROGATORY NO. 4:

Please state the name and address of all owners and/or persons, companies, corporations, and/or other legal entities operating or having an ownership interest in the premises and/or site of the accident herein.

## INTERROGATORY NO. 5:

Please state the date, time and location of the accident and on what date and by what means you first became aware of the accident and/or the injury claimed by plaintiff in the instant suit.

## INTERROGATORY NO. 6:

Please state, in detail, the manner in which you understand the accident and injury to plaintiff occurred.

## INTERROGATORY NO. 7:

With regard to all interviews in connection with this accident, please state the name, last known address, telephone number, employer, and job title of each person who conducted an interview on your behalf and the person interviewed, and for each of the persons identified in your answer, please indicate whether a statement was taken from or given by that person, whether said statement was written or recorded and, if recorded, whether it was transcribed, and the present custodian of the recording and/or the transcription.

## INTERROGATORY NO. 8:

Were photographs and/or videotape obtained by you or anyone acting in your behalf in connection with the accident and/or the instant suit, and if so, please state the total number of photographs and/or videotapes obtained, by whom obtained, the scene each depicts, and the person who presently has custody of those photographs and/or videotapes.

## INTERROGATORY NO. 9:

If you contend that the alleged accident was due to any act or omission on the part of any person other than your employees, please state the name, last known address, telephone number and employer of each person identified.

## INTERROGATORY NO. 10:

Please state all companies, entities or persons (other than those employees already referred to in your answers to these Interrogatories) which were contractually or otherwise involved in defendant's operations at the time of the accident, and identify the custodian of all such contracts or documents evidencing same.

## INTERROGATORY NO. 11:

Please state the name and address of all insurance carriers providing insurance coverage of any type to defendant from the date of this accident to present, including but not limited to all general liability, basic carriers, surplus carriers, umbrella carriers, the limits of liability for each type of coverage and the policy number(s) for each policy of insurance so enumerated.

## INTERROGATORY NO. 12:

Please state in detail each act or omission of the plaintiff which you allege either caused or contributed to this accident and each risk that you claim to have been assumed by plaintiff and the name, address, and telephone number of each person you intend to call to support these claims.

## INTERROGATORY NO. 13:

Please state in detail defendant's policy or practice regarding the inspection of the premises for defects, hazards, hazardous conditions, lighting defects, and foreign substances on the floors of the premises.

## INTERROGATORY NO. 14:

Please state in detail the type of lighting in the area of this incident and provide any information in your possession which may lead to the discovery of the origin and any modifications of said lighting.

## INTERROGATORY NO. 15:

If the defendants, their agents, servants, employees, insurers, attorneys, or anyone acting on their behalf caused an activity checks or other investigation of plaintiffs to be made, please state the name, address, and telephone number of the person conducting same, the date of same, at whose initiation same was conducted, and who is currently in possession of any materials generated as a result of such activity checks and/or investigations.

## INTERROGATORY NO. 16:

Please state if the defendants have any knowledge that plaintiffs had prior injuries to those parts of their bodies alleged to have been injured in the accident complained of herein, and if so, please state what injuries plaintiffs are alleged to have had prior to this instance along with the source of any such knowledge.

**INTERROGATORY NO. 17:**

Please state the name, last known address, telephone number, employer and job title of each person you may call as a witness at the trial on the merits of this matter, including expert witnesses, and for each of the persons identified, please state his or her exact location at the time of the accident and the nature of the task they were performing at that time or the area of expertise in which they will testify and state, in detail, the substance of their testimony.

**INTERROGATORY NO. 18:**

Please list each item that you may use as an exhibit at the trial on the merits of this matter.

Respectfully Submitted:

PAUL T. LANDRY, LTD.

Paul T. Landry          (#20,259)
6413 Business Highway 90
Post Office Box 2684
Morgan City, Louisiana  70381-2684
Telephone: 985/384-1366

**PLEASE SERVE DEFENDANTS:**

CINGULAR WIRELESS LLC
through its agent for service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana  70802-6129

RSKCO SERVICES, INC.
through its agent for service of process
C. T. CORPORATION SYSTEM
8550 United Plaza Boulevard
Baton Rouge, Louisiana  70809

CLERK'S OFFICE, FRANKLIN, LA
DEC 0 5 2003
A true copy of the original
Attest _____ R. _____
Dy. Clerk of Court

RECEIVED AND FILED
DEC 0 1 2003
/s/ JENNIFER R. SPLANE
DY. CLERK OF COURT

DIANE M. GIVENS

VS. NO. **111720** "F"

CINGULAR WIRELESS LLC and
RSKCO SERVICES, INC.

* CITY COURT OF MORGAN CITY

* CITY OF MORGAN CITY

* STATE OF LOUISIANA

---

### FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
### PROPOUNDED TO DEFENDANTS

---

**TO:**   CINGULAR WIRELESS LLC
through its agent for service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

RSKCO SERVICES, INC.
through its agent for service of process
C. T. CORPORATION SYSTEM
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809

**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately the following Request for Production of Documents, fully, in writing, and under oath, and to serve your answers on plaintiff, through his/her/their attorney, within thirty (30) days from service hereof, in accordance with the provisions of Article 1491, et. seq. of the Louisiana Code of Civil Procedure.

You are further placed on notice that these Request for Production of Documents shall be deemed continuing Requests, requiring supplemental answers thereto in the event relevant information which would require amendment or supplementation of the responses of these Request for Production of Documents in order that they would be properly and truthfully answered, if discovered, acquired, or becomes known to you.

In answering the following Request for Production of Documents, please furnish such information as is available to you, not merely information you now have of your own personal knowledge. This means you are to furnish information which is in the possession of any of your employees, agents, servants, attorneys, insurers, investigators or anyone acting for or in your behalf or otherwise subject to your custody or control. Knowledge of any of your agents, or attorneys or others acting on your behalf shall be considered and deemed to be knowledge of the defendant.

In connection with these Request for Production of Documents, wherever the word "defendant" or "defendants" is used, it shall mean the named defendant(s), their agents, servants, employees, supervisors, insurers, claims investigators, attorneys and/or anyone acting for or in behalf of the defendant(s) or otherwise subject to the control of defendant(s).

If you cannot answer any of these Request for Production of Documents in full, please answer to the extent possible, specifying the reason for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

That Defendant produce and permit Plaintiff to inspect and to copy each of the following documents:

**REQUEST NO. 1:**

A copy of any and all documents indicating the ownership of the premises where the accident occurred.

**REQUEST NO. 2:**

All written reports, accident reports, litigation reports, logs, daily reports, reports of personal injuries, hospital records, medical slips or authorizations and/or all similar records or documents relevant to or concerning the accident and generated as a result of the incident at issue.

**REQUEST NO. 3:**

Any citations, reprimands, or other documents received from any investigating agency as a result of the incident at issue.

**REQUEST NO. 4:**

A full and complete certified copy of all insurance policies providing or purporting to provide coverage for the incident at issue.

**REQUEST NO. 5:**

A copy of any and all expert reports relating to the incident at issue.

**REQUEST NO. 6:**

All statements taken in connection with this matter, whether recorded or hand written, including but not limited to witnesses, parties and investigators.

**REQUEST NO. 7:**

Any and all photographs, slides, films, sketches, video tapes, blue prints and/or any item depicting the layout or condition of the site of this accident.

**REQUEST NO. 8:**

All records indicating the identities of investigators assigned to this matter, the identity of all persons from whom they obtained information, and dates and places of their contacts.

**REQUEST NO. 9:**

Any and all documents reflecting defendant's policy or practice regarding the inspection of the premises for defects, hazards, hazardous conditions, lighting defects, and foreign substances on the floors of the premises.

**REQUEST NO. 10:**

Any and all photographs, slides, or moving pictures relevant to the incident made the basis of this suit, including but not limited to the area involved in the incident made the basis of this lawsuit, any objects involved in the incident made the basis of this lawsuit, the plaintiff (including activity checks or surveillance) and any other persons involved in the incident made the basis of this lawsuit;

**REQUEST NO. 11:**

Any and all documents, memoranda, booklets, pamphlets and/or any other form of written or printed material which set forth safety practices and procedures of defendant and which were in full force and effect at the time of, prior to, or subsequent to the incident giving rise to this litigation.

**REQUEST NO. 12:**

Copies of all items that you may use as an exhibit at the trial on the merits of this matter.

**REQUEST NO. 13:**

Any and all documents, contracts, leases, or agreements of any kind reflecting ownership, occupancy, and indemnity agreements between defendant and anyone else regarding the premises involved in this incident.

Respectfully Submitted:

PAUL T. LANDRY, LTD.

Paul T. Landry          (#20,259)
6413 Business Highway 90
Post Office Box 2684
Morgan City, Louisiana  70381-2684
Telephone:  985/384-1366

**PLEASE SERVE DEFENDANTS:**

CINGULAR WIRELESS LLC
through its agent for service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana  70802-6129

RSKCO SERVICES, INC.
through its agent for service of process
C. T. CORPORATION SYSTEM
8550 United Plaza Boulevard
Baton Rouge, Louisiana  70809

CLERK'S OFFICE, FRANKLIN, LA
DEC 0 5 2003

A true copy of the original
Attest
By. Clerk of Court

RECEIVED AND FILED
DEC 0 1 2003
/s/ JENNIFER R. SPLANE
DY. CLERK OF COURT